**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RIFAT BAGDAD,

Petitioner,

v. No. 2:26-cv-02183-DHU-LF

MARKWAYNE MULLIN, DHS Secretary; DAVID VENTURELLA, Acting Director of ICE; TODD BLANCHE, Acting U.S. Attorney General; MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, Warden of the Otero County Processing Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Rifat Bagdad's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native and citizen of Türkiye who entered the United States without inspection in June 2024. *Id.* at 3. Shortly after his entry, Petitioner was briefly taken into custody by immigration officials and released thereafter on his own recognizance. Doc. 7. at 1. Following his release, Petitioner filed a timely Application for Asylum and Withholding of Removal. Doc. 1 at 3. He complied with his conditions of release for more than two years. *Id.*

On June 26, 2026, the Department of Homeland Security ("DHS") took Petitioner into custody at an Immigration and Customs Enforcement ("ICE") office in El Paso, Texas. *Id.* He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* Since being taken into custody, Petitioner has not been provided with a bond hearing. *Id.*

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. *Id.* at 24-25. He also argues that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA"). *Id.* at 23.[1] Petitioner specifically alleges that he is subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing, and that Respondents failure to provide a bond hearing also violates the United States Constitution. *Id.* at 23. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing within three days. *Id.* at 25. Petitioner also requests that the Court award him attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). *Id.*

Respondents' concede that Petitioner entered the United States without inspection in June 2024, was detained by immigration officials after his entry, and was then released on his own recognizance. Doc. 7 at 2. Respondents do not address Petitioner's argument that his re-detention without procedural process violates the Due Process Clause. Respondents, instead, only address Petitioner's argument that his continued detention without a bond hearing violates the INA and the Constitution, arguing that Petitioner is subject to 8 U.S.C. § 1225. *Id.* at 2. Respondents, however, acknowledge that the Tenth Circuit Court of Appeals has ruled otherwise in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), and that "the facts here are not materially distinguishable from those in *Santillan Quiroz* for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

---

[1] Petitioner also argues that Respondents have violated their own regulations and the retroactivity doctrine. *Id.* at 23-24. However, because the Court grants Petitioner's Habeas Petition on his Due Process and INA claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2024, was detained within the United States, and was subsequently released on his own recognizance for approximately two (2) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with that notice and pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive

detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by Section 1225 or 1226. However, it is worth noting that in *Santillan Quiroz*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th at 1237. The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2024, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained approximately two (2) years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

The Court will issue a separate final judgment but will retain jurisdiction to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE